UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

CASE NO. 1:17-CV-00002-CBS

MELISSA UMPHENOUR,

    Plaintiff,

vs.

CARA 3 PROPERTIES, LLC,

    Defendant.

___

## DEFENDANT'S PROPOSED SCHEDULING ORDER

### INTRODUCTION

Defendant submits Defendant's Proposed Scheduling Order without the benefit of Plaintiff's input or consideration. Defendant attempted to confer with Plaintiff's Counsel prior to submitting this proposed draft; however, Defendant has not heard back from Plaintiff's Counsel nor has Defendant received Plaintiff's proposed scheduling order. Given the Court's instructions to submit proposed scheduling orders no less than seven days prior to a Rule 26 Conference, Defendant hereby submits this Proposed Scheduling Order in order to timely comply with the Court's instructions.

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling Conference is scheduled for March 6, 2017 at 11:00 a.m.

Appearing for the parties are:

<u>In person, for the Plaintiff, Melissa Umphenour:</u>
James R. Carr, Esq.
ADA Justice Advocates
4800 Baseline Rd, Suite E104-289
Boulder, CO 80303
Email: jcarr@adajustice.com

<u>In person, for the Defendant, Cara 3 Properties:</u>
Courtenay Patterson, Esq.
LAW OFFICES OF COURTENAY PATTERSON, LLC
1716 N. Main Street, Suite A #331
Longmont, Colorado 80501
Tel: (925) 237-1187
Email: courtenay.patterson@gmail.com

## 2.  STATEMENT OF JURISDICTION

This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §1331 for Plaintiff's claims arising under Title 42 U.S.C. §12182 et. seq., based on Defendant's alleged violations of Title III of the ADA.  *See also* 28 U.S.C. §§2201 and 2202 as well as the 2010 ADA Standards.

Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) and the Internal Operating Procedures for the United States District Court of Colorado, in that all events giving rise to the lawsuit occurred in Jefferson County, Colorado.

## 3.  STATEMENT OF CLAIMS AND DEFENSES

*a.*     *Plaintiff*:

Plaintiff has alleged that Defendant is in violation of 42 U.S.C. §12182, *et seq.*, and is discriminating against Plaintiff as a result of said violations.  The specific violations of the ADA that Plaintiff encountered at Defendant's business are found in paragraph 38 of the Complaint and are related to the parking area and restroom at the Premises.

    b.    *Defendant:*

The Defendant owns and operates Original Pizza restaurant, located at 1300 W. Midway Blvd., Broomfield, CO 80020 ("Premises").

The Defendant contends they are in compliance and have been in compliance with 42 U.S.C. § 12181, et seq., Americans with Disabilities Act and Colorado Civil Rights Act, C.R.S. § 24-34-601, et seq since before this Complaint was filed.

Defendant asserts the following affirmative defenses. At all relevant times, Defendants' actions were in good faith with regard to and were not in violation of any law. *De minimus* violations of federal regulations are not actionable or enjoinable. Reasonable accommodations may have already been provided at Defendant's restaurant. All three alleged violations are false. Plaintiff's Complaint is frivolous, groundless, was filed without the exercise of due diligence to determine the falsity of the claims, and was filed in bad faith.

    c.    *Other Parties:*  Not applicable.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1.    Defendant owns and operates Original Pizza restaurant, located at 1300 W. Midway Blvd., Broomfield, CO 80020 ("Premises").

2.    Melissa Umphenour is a resident of the State of Colorado.

## 5. COMPUTATION OF DAMAGES

Plaintiff is seeking injunctive relief and an award of his attorney's fees and costs. Plaintiff is not seeking any monetary award.

Defendant is seeking its attorney's fees and costs if it prevails in this matter against Plaintiff and on the basis of Plaintiff bringing this frivolous and groundless action in bad faith.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting – To be determined

b. Names of each participant and party he/she represents.

    James Carr, Esq. – attorney for Plaintiff, Melissa Umphenour

    Courtenay Patterson, Esq. – for Defendant Cara 3 Properties

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

    Plaintiff shall make her Rule 26(a)(1) Disclosures on or before March 20, 2017, within fourteen (14) days after this Scheduling Conference.

    Defendant will make its Rule 26(a)(1) Disclosures on or before March 27, 2017.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

    None.

e. Statement concerning any agreements to conduct informal discovery:

There have been no agreements, as of the date of this order, regarding informal discovery.

    f.    Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

Counsel will work together to develop a unified exhibit numbering system for use with depositions.

    g.    Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties do not anticipate overly extensive electronically stored information or that a substantial amount of disclosure or discovery will involved information or records maintained in electronic form.

    h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

Plaintiff has provided Defendant with a proposed settlement agreement, and the parties intend to keep settlement dialogue open as the case progresses.

### 7. CONSENT

All parties **have** consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

    a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

The parties agree to comply with the presumptive limit of 10 depositions set forth in Fed. R. Civ. P. 30(b)(2).

b.     Limitations which any party proposes on the length of depositions.

The parties agree to comply with the presumptive limit of 7 hours set forth in Fed. R. Civ. P. 30(d)(1).

c.     Limitations which any party proposes on the number of requests for production and/or requests for admission.

The parties agree to 25 Requests for Admissions, 30 Interrogatories, and 30 Requests for Production of Documents.

d.   Other Planning or Discovery Orders

None at this time.

## 9. CASE PLAN AND SCHEDULE

**a.**     **Deadline for Joinder of Parties and Amendment of Pleadings:**

April 14, 2017

**b.**     **Discovery Cut-off:**

May 19, 2017

**c.**     **Dispositive Motion Deadline:**

June 30, 2017

**d.**     **Expert Witness Disclosure**

1.     The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff –

Defendant has retained an ADA architectural expert to testify regarding Defendant's premises, Defendant's compliance with ADA standards, and the falsity of Plaintiff's allegations in the Complaint.

**2.      Limitations which the parties propose on the use or number of expert witnesses.**

The parties agree to a limitation of four (4) expert witnesses per party.

**3.      The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before April 14, 2017.**

**4.      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before May 14, 2017.**

    **e.      Identification of Persons to Be Deposed:**

| *Name of Deponent* | *Date of Deposition* | *Time of Deposition* | *Expected length of deposition* |
|---|---|---|---|
| ***Plaintiff's Depositions*** | | | |
| Defendant – Owner of Cara 3 Properties | To be determined. | To be determined | 7 hours |
| Defendant's Expert | To be determined. | To be determined | 7 hours |
| | To be determined. | To be determined | 7 hours |
| | To be determined. | To be determined | 7 hours |
| ***Defendants' Depositions*** | | | |
| Melissa Umphenour | To be determined. | To be determined | 7 hours |
| Plaintiff's Expert | To be determined. | To be determined | 7 hours |

|  | To be determined. | To be determined | 7 hours |
|---|---|---|---|
|  | To be determined. | To be determined | 7 hours |

    **f.**    **Deadline for Interrogatories:**

Interrogatories may be served any time following the initial scheduling/planning conference so long as responses thereto are due prior to the discovery cut-off date.

    **g.**    **Deadline for Requests for Production of Documents and/or Admissions**

Requests for production of documents may be served any time following the initial scheduling/planning conference so long as responses thereto are due prior to the discovery cut-off date.

## 10.  DATES FOR FURTHER CONFERENCES

    a.    Status conferences will be held in this case at the following dates/ times:

        _____

        _____

    b.    A final pretrial conference will be held in this case on _____ \_\_, 2017, at \_\_\_ o'clock \_.m.  Once defendant responds to the Plaintiff's complaint, a Final Pretrial Order shall be prepared by the parties and submitted to the Court, but that will not be within seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

    a.    Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

8

        None.

    b.    Anticipated length of trial and whether trial is to the court or jury.

        The parties agree to a four (4) day trial setting.

    c.    Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at Courtroom A-501, Fifth Floor, Alfred A. Arraj, U.S. Courthouse/Federal Building, 901 19th Street, Denver, Colorado 80294.

        None at this time.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar with and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this 27th day of February, 2017.

BY THE COURT:

_____
The Honorable Craig B. Shaffer
United States Magistrate Judge

APPROVED:

_____
James R. Carr, Esq.
ADA Justice Advocates
4800 Baseline Rd, Suite E104-289
Boulder, CO 80303
Email: jcarr@adajustice.com
*Attorney for Plaintiff, Melissa Umphenour*

*s/ Courtenay Patterson*_____
Courtenay Patterson, Esq.
Colorado Bar No. 49215
LAW OFFICES OF COURTENAY PATTERSON, LLC
1716 N. Main Street, Suite A #331
Longmont, CO 80501
Telephone: (925) 237-1187
Facsimile: (303) 827-3360
E-mail: courtenay.patterson@gmail.com
*Attorney for Defendant, Cara 3 Properties*