**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:17−cv−00002-CBS

MELISSA UMPHENOUR, an individual, on her own behalf, and on behalf of LH, her minor child
   Plaintiff,

v.

CARA 3 PROPERTIES, LLC,
   Defendant.

**MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1)
AND MEMORANDUM IN SUPPORT THEREOF**

Cara 3 Properties, ("Defendant") hereby moves this Court to dismiss this action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff brings this action alleging that Defendant's property, the site of the Original Pizza restaurant, has various architectural barriers that do not make it fully accessible to persons with disabilities, in violation of Title III of the Americans with Disabilities Act. Specifically, Plaintiff alleges that Defendant's property 1) fails to provide a parking space identified with a sign that includes the international symbol of accessibility; 2) fails to make the accessible space located on the shortest route from parking to the entrance of the restaurant; and 3) fails to insulate or otherwise configure water supply and drain pipes under sinks to protect against contact. Defendant moves to dismiss Plaintiff's Complaint, which seeks injunctive relief and payment of attorney's fees, costs, and litigation expenses, in its entirety. With respect to the first allegation, although Defendant already had two accessible parking spaces marked with signs showing the international symbol of accessibility prior to Plaintiff filing this suit, Defendant nonetheless has taken remedial measures by installing a van accessible parking sign that includes the international symbol of accessibility, rendering Plaintiff's first allegation in the Complaint moot. With respect to the second and third allegations, both allegations are false, as the accessible parking is located on the shortest path to the restaurant entrance and the pipes under the sink are covered with insulation. The second and

third allegations in Plaintiff's Complaint are, therefore, groundless and frivolous.

## FACTUAL BACKGROUND

On or about January 2, 2017, Plaintiff filed the Complaint in this matter and served Defendant. Courtenay Patterson, Defendant's attorney, was retained and filed a Notice of Entry of Appearance to represent Defendant in the instant case on January 26, 2017. Defendant filed a Motion for Extension of Time to File an Answer or Responsive Pleading to Plaintiff's Complaint on January 26, 2017, which the Court granted on January 27, 2017.

On February 6, 2017, Defendant's retained ADA compliance expert, Mark Douglass, visited Defendant's property to conduct an ADA site inspection. Mr. Douglass observed two accessible parking spaces with adjoining access aisles located on each side of the outdoor patio of the restaurant. Directly next to the parking space access aisles are entrances to the outdoor patio area, which leads directly to the entrance to the restaurant. Both parking spaces are located on the shortest accessible routes to the restaurant entrance. Mr. Douglass further observed signs with the international accessible parking symbol affixed in front of each of the two accessible parking spaces. Mr. Douglass did inform the owners that one space should have the van accessible parking sign, as opposed to simply the standard accessible parking sign. Defendant has installed the van accessible parking sign in front of one of the accessible parking spaces, making it fully compliant with the ADA requirements.

Mr. Douglass inspected Defendant's restroom and observed that the pipes under the sink are completely covered with a thick, rubber insulation. According to the owners of the restaurant, the insulation has been on the pipes since the restaurant was opened 30 years ago. The insulation covering the pipes under the sink is fully compliant with the ADA requirements. A declaration of Mr. Douglass explaining that the requested injunctive relief has occurred is attached as Exhibit A. Photographs of the van accessible sign, the location of the parking spaces on the shortest accessible route to the entrance of the restaurant, and the insulated pipes are attached as Exhibit B.

In her Complaint, Plaintiff states that she visited Defendant's restaurant on November 20, 2016. November 20, 2016 was a Sunday. It should be noted that Defendant's restaurant is closed on

Sundays, making it impossible for Plaintiff to have inspected the restroom and, therefore, impossible to inspect the pipes under the sink.

Because the injunctive relief sought by Plaintiff has either already been provided, rendering the first allegation in the Complaint moot, or was based on false allegations in the Complaint, Plaintiff's Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1), as the Court lacks subject matter jurisdiction to consider Plaintiff's claims.

## BURDEN OF PROOF AND STANDARD OF REVIEW

### A. Burden of Proof

The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction, which, in this case, is Plaintiff. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909. When a defendant challenges subject matter jurisdiction, the plaintiff must establish such jurisdiction by a preponderance of the evidence. *Southway v. Cent. Bank of Nigeria*, 328 F.3d 1267, 1272 (10th Cir. 2003).

### B. Standard of Review

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). In a purely facial attack, the Court must accept as true all material factual allegations in the complaint; however, it will not draw "argumentative inferences favorable to the party asserting jurisdiction." *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992). Where the defendant also challenges the facts upon which subject matter jurisdiction depends, as Defendant does here, "the court does not 'presume the truthfulness of the complaint's factual allegations.'" *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001). In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may refer to evidence outside the pleadings. See *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not

presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

## ARGUMENT

### A. Plaintiff's First Claim Seeking Injunctive Relief is Moot Because the Remedy has Already Been Provided

Under Title III of the ADA, plaintiffs may seek only equitable relief. Section 12188(a); *Chambers v. Melmed*, 141 F. App'x. 718, 720 (10th Cir. 2005). "When a party seeks only equitable relief, as here with respect to the First claim for Relief, past exposure to alleged illegal conduct does not establish a present live controversy if unaccompanied by any continuing present effects." *Id.* (citing *Beattie v. United States,* 949 F.2d 1092, 1094 (10th Cir.1991)). Courts have no license to retain jurisdiction over cases in which one or both of the parties plainly lacks a continuing interest. *See*, *e.g., Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997).

Article III of the U.S. Constitution limits the jurisdiction of federal courts to adjudicating actual cases or controversies. A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief. *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013). Courts are precluded from deciding legal disputes or expounding on law in the absence of such a case or controversy. *DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 341 (2006). That limitation requires those who invoke the power of a federal court to demonstrate standing – a "personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright,* 468 U.S. 737, 751 (1984). The Supreme Court has repeatedly held that an "actual controversy" must exist not only "at the time the complaint is filed," but through "all stages" of the litigation. *Alvarez v. Smith,* 558 U.S. 87, 92 (2009) (internal quotation marks omitted); *Arizonans,* 520 U.S. at 67, 117 ("To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'") (quoting *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975)); *Already, LLC*, 133 S. Ct. at 726.

"A case, although live at the start, becomes moot when intervening acts destroy a party's legally

cognizable interest in the outcome of adjudication. In such a case, Article III would deprive the federal courts of jurisdiction over that party's claim." *Bacchus v. Denver Dist. Court*, No. 03406-RBJ, 2013 WL 4461602, at *2 (D. Colo. Aug. 19, 2013) (quoting *Tandy*, 380 F.3d at 1290); *see also Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010) (courts have "no subject- matter jurisdiction if a case is moot"). The Tenth Circuit also has expressly held that "[a] request for prospective [injunctive] relief can be mooted by a defendant's voluntary cessation of the challenged activity." *Chambers*, 141 F. App'x at 720 (finding that a fertility clinic's changes in offered services mooted plaintiff's ADA claim). Indeed, across the country, numerous "[f]ederal courts have dismissed ADA claims as moot when the alleged violations have been remedied after the initial filing of a suit seeking injunctive relief." *Norkunas v. Tar Heel Capital Wendy's LLC*, No. 09-0116, 2011 WL 2940722, at *4 (W.D.N.C. July 19, 2011) (dismissing ADA Title III claims as moot because defendants permanently remedied the alleged violations at the properties). No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute "is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Id.*; *Alvarez* at 93.

Although the Supreme Court has also held "that a defendant cannot automatically moot a case simply by ending its unlawful conduct once sued," when a defendant voluntarily ceases its allegedly unlawful conduct, a case may be mooted and the court deprived of its subject-matter jurisdiction. *Already* at 727; *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982); *Friends of the Earth v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). "A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id*. The "heavy burden" of persuading the court that the challenged conduct will not recur lies with the defendant. *Id.*

In the present case, Defendant has remedied the injunctive relief sought in the first allegation of Plaintiff's Complaint. (see Exhibit A). Defendant already had two ADA accessible parking spaces with adjoining ADA access aisles painted in the parking lot of the restaurant prior

to this lawsuit being filed. In addition, Defendant already had two accessible parking signs affixed at the front of each parking space prior to the lawsuit being filed. Both parking spaces were already located directly next to the entrance to the outdoor patio, directly in front of the restaurant's entrance. (See Exhibit B). Despite having compliant parking and signage, Defendant, upon the recommendation of Mr. Douglass, installed a van accessible parking sign in front of one of the accessible parking spaces. The injunctive relief sought by Plaintiff with respect to the first allegation in the Complaint has occurred and the first allegation is rendered moot by Defendant's voluntary remediation of the alleged violations.

      **B.     Plaintiff's Claims for Injunctive Relief Should be Dismissed as Plaintiff's Allegations are False.**

In order for a federal court to have jurisdiction over a Title III action, there must exist an actual case or controversy for the court to adjudicate. In the present case, all of Plaintiff's allegations and particularly the second and third allegations, present no case or controversy because the allegations are entirely false. Plaintiff alleges in her Complaint that Defendant has discriminated against her and her minor child for "Failure to provide a parking space identified with a sign that includes the International Symbol of Accessibility as required by 36 C.F.R. Part 1191, Appendix D, Guideline 502.6." Again, the claim is entirely false. Despite Defendant's voluntary removal of the accessible parking sign to install a van accessible parking sign, Plaintiff's first claim was, nonetheless, false as Defendant had the requisite parking spaces with the requisite signs. Moreover, the accessible parking spaces were already located on the shortest routes from the parking space to the entrance of the restaurant, despite the allegation in Plaintiff's second claim in the Complaint. Finally, contrary to Plaintiff's third claim in the Complaint, the pipes under the restroom sink have been properly insulated since the restaurant opened 30 years ago. As such, there exists no case or controversy for this Court to adjudicate, thereby depriving the Court of jurisdiction, and the case must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

## C. Plaintiff's Request for Attorney's Fees and Costs should be Denied

Plaintiff's request for attorney's fees should be denied. A plaintiff who initiates a lawsuit that causes a defendant to voluntarily remedy alleged ADA violations is not a prevailing party for purposes of attorney's fees and is not entitled to collect costs and fees. *Buckhannon v. West Virginia Dept. of Health and Human Services*, 532 U.S. 598, 610 (rejecting "catalyst theory" as basis for recovery of fees and costs in ADA and FHAA cases) (superseded by statute on other grounds). As such, Defendant requests that Plaintiff's Complaint, including Plaintiff's request for attorney's fees and costs, be dismissed in its entirety.

## D. Defendant is Entitled to Attorney's Fees and Costs as the Allegations in Plaintiff's Complaint were Frivolous, Groundless, and Made in Bad Faith.

The Supreme Court has held that a civil rights plaintiff "should not be assessed his opponent's attorney's fees unless a court finds his claim was frivolous, groundless, unreasonable, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). "Under the Americans with Disabilities Act, this Court, 'in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses and costs…'." *Goldstein v. Costco Wholesale Corp.*, 337 F.Supp.2d 771, 774 (E.D.Va. 2004) (citing 42 U.S.C. § 12205). Because this provision borrows its fee-shifting language from other civil rights statutes, several courts have held that the *Christiansburg* standard for fee-shifting by prevailing defendants applicable in civil rights cases also applies to § 12205. *Parker v. Sony Pictures Entm't, Inc.*, 260 F.3d 100, 111 (2d Cir. 2001); *Small v. Dellis*, 211 F.3d 1265 (4th Cir. 2000)(unreported opinion); *Bercovitch v. Baldwin Sch., Inc.*, 191 F.3d 8, 10-11 (1st Cir. 1999); *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997). There is little doubt, therefore, that the same policies underlying awarding attorney's fees in civil rights claims apply to disability rights claims.

The Bad Faith exception to the American Rule regarding the awarding of attorney's fees allows a court to assess attorney's fees against a losing party who has "acted in bad faith,

vexatiously, wantonly, or for oppressive reasons." *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116 (1974) (citing *Vaughan v. Atkinson*, 369 U.S. 527, 530-31 (1962)); *Hall v. Cole*, 412 U.S. 1, 5 (1973); *Universal Oil Prods. Co. v. Root Ref. Co.*, 328 U.S. 575, 580 (1946) (attorney's fees may be awarded when fraud is practiced upon tribunal). If an award of legal fees is warranted in a civil rights action, determining the award amount consists of a two-step analysis. *Goldstein v. Costco Wholesale Corp, supra* (see also *Chaplin v. Du Pont Advance Fiber Sys.,* 303 F. Supp.2d 766, 775 (E.D.Va. 2004)). The Court first must ascertain what constitutes a reasonable fee for the services performed related to the matter, which is accomplished by multiplying the number of hours reasonably expended on the case by the reasonable or customary hourly rate. Id. (citing *Arnold v. Burger King Corp.,* 719 F.2d 63, 67 (4th Cir. 1983)). When this amount is established, the Court may adjust the amount in light of other factors, including the plaintiff's motivation for filing the case, the plaintiff's ability to pay, and the potential deterrent effect of the award. *Id.*; *Chaplin*, 303 F. Supp.2d at 775-76.

Plaintiff's suit has been brought for oppressive reasons. Her attorney contacted Defendant within days of filing this lawsuit to inform Defendant that the suit could be settled immediately for $2,750 (to cover Plaintiff's attorney's costs and fees, although Plaintiff's attorney stated that the amount would increase if any motions practice or other legal work was required after the date of the proposed settlement), remediation of the alleged violations, and execution of a settlement with non-disclosure clauses. Plaintiff's attorney proposed the same settlement to Defendant's attorney four days after Defendant's attorney filed an Entry of Appearance in this case. Plaintiff's attorney proposed this identical settlement in at least three other lawsuits brought against three other businesses. Again, there were no actual violations at Defendant's restaurant, yet Plaintiff and her attorney nonetheless pursued a settlement immediately after filing the Complaint for $2,750, a number that seems oppressively high considering Plaintiff has filed more than 65 identical lawsuits throughout Broomfield, Arvada, and Westminster, where the only language that differs amongst the complaints is at paragraph 38 where Plaintiff describes the various alleged

violations.

Moreover, Plaintiff has brought this case in bad faith and the allegations in her Complaint are frivolous and groundless. All three of the claims are false, as discussed above. In addition, Plaintiff alleges in her Complaint that she visited Defendant's restaurant on November 20, 2016, a Sunday, despite Defendant's restaurant being closed on Sundays, making it impossible for Plaintiff to have inspected the pipes under the restroom sink. This, again, is further supported by the fact that the pipes are insulated and have been for more than 30 years.

> In *Peters v. Winco Foods, Inc.*, 320 F. Supp.2d 1035, 1040 (E.D. Cal. 2004), the United States Court for the Eastern District of California awarded attorney's fees in a groundless ADA case because "circumstances of [the] case suggest that it was filed for the purpose of obtaining a quick settlement, rather than remedying barriers to access for the disabled." In *Peters*, the plaintiff made a series of allegations about the facilities at a grocery store that turned out, after plaintiff's expert visited the store, to be meritless. *Id*. at 1038. Like the case here, the plaintiff asserted an ADA discrimination claim that lacked factual support -- a claim that could have been avoided if a reasonable pre-filing inquiry had occurred. *Id*. at 1038-40. In addition, again like the case here, the plaintiff sent a 'shake down' letter one month after initiating litigation and requested a settlement of $ 150,000, even though an investigation would have indicated that the plaintiff did not have a claim. *Id*. at 1040 n.6. These facts led the *Peters* court to award attorney's fees, and this Court believes the same rationale applies here.

*Goldstein v. Costco Wholesale Corp., supra* at p. 777-778.

Whether Plaintiff failed to exercise due diligence with respect to the parking and sign allegations to determine that the allegations were meritless at the time of the filing the Complaint, as required by Rule 11 of the Federal Rules of Civil Procedure, or whether she knowingly made false allegations in her Complaint, the lawsuit is frivolous, unreasonable and groundless, and Defendant respectfully requests the Court order Plaintiff to pay Defendant's attorney's fees and costs to defend against this meritless action.

## CONCLUSION

For the reasons discussed above, Defendant respectfully requests this Court enter an order dismissing Plaintiff's Complaint and for Plaintiff to pay Defendant's attorney's fees and costs in defending against this frivolous action.

Respectfully submitted this 28th day of February 2017.

LAW OFFICES OF COURTENAY PATTERSON

/s/ Courtenay Patterson

_____
Courtenay Patterson, Esq., CO Bar No. 49215
Law Offices of Courtenay Patterson
1716 N. Main St., Suite A #331
Longmont, CO 80501
Email: courtenay.patterson@gmail.com
Telephone: (925) 237-1187
Attorney for Defendant

## CERTIFICATE OF SERVICE

   I hereby certify that on this 28th day of February 2017, I electronically filed the foregoing Motion to Dismiss Plaintiff's Complaint with the Clerk of Court using the CM/ECF service, which provided electronic service to the following:

  James R. Carr, Esq.
  ADA Justice Advocates
  4800 Baseline Rd, Suite E104-289
  Boulder, CO 80303

                /s/ Courtenay Patterson
                Law Offices of Courtenay Patterson
                1716 N. Main St., Suite A #331
                Longmont, CO 80501