IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-00002-CBS

MELLISA UMPHENOUR, an individual, on her own behalf and on behalf of LH, her minor child,

    Plaintiffs,

v.

CARA 3 PROPERTIES, LLC,

    Defendant.

---

### PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS

---

Plaintiffs, by and through their undersigned counsel, file their response to Defendant's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. No. 15) as detailed below.

## FACTUAL BACKGROUND

This action was brought by Plaintiffs seeking injunctive and declaratory relief under Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq.*, and alleged that Defendant had failed to provide a parking space identified with a sign that includes the International Symbol of Accessibility as required by 36 C.F.R Part 1191, Appendix D, ADA Guideline 502.6., failed to make the accessible spaces located on shortest accessible route from parking to an entrance as required by 36 C.F.R Part 1191 Appendix B, ADA Guideline 208.3., and failed to insulate or otherwise configure water supply and drain pipes under sinks to protect against contact as required by 36 C.F.R 1191, Appendix D, ADA Guideline 606.5. Plaintiffs visited Defendant's restaurant on November 19, 2016 with her minor child, though the

date of Plaintiffs' visit to the restaurant was mistakenly stated as November 20, 2016 in the original Complaint.  Plaintiffs had problems identifying the van accessible handicapped parking space because that space had been converted to a space reserved for customers with "To Go" orders.  This conversion was indicated by a sign posted in front of the parking space stating "Parking For To Go Orders Only".  [See Declaration of Mellisa Umphenour, appended as Exhibit A.]  Plaintiff documented the sign by taking a picture of it.  [See photograph appended as Exhibit B.]  Plaintiff also documented the fact that the pipes under the sink in the restroom lacked the required insulation to protect from potential burns if used by a disabled individual in a wheelchair.   [See photograph appended as Exhibit C.]

Defendant has moved to dismiss this action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because Defendant claims that the allegations in the Complaint are now moot, or, in what amounts to a denial of the allegations in the Complaint, that the allegations were false.  Defendant also asserts that because its expert found only minor ADA compliance problems that were promptly fixed, but did not find the same problems that Plaintiffs documented, that Defendant should be awarded its reasonable attorney's fees and costs due to Plaintiffs' Complaint being frivolous, groundless, and made in bad faith.

## ARGUMENT

### A. The Court lacks Subject Matter Jurisdiction because the Plaintiffs' Claims are moot.

Plaintiffs do not contest that the Court now lacks subject matter jurisdiction over the claims made in Plaintiffs' Complaint, and that the Case should be dismissed.  However, this is not because Plaintiffs' allegations in the Complaint were false when Plaintiffs filed this Case, or when they visited Defendant's restaurant, but rather because Defendant actually fixed the non-compliance with the ADA during the pendency of the lawsuit, rendering Plaintiffs' claims moot.

It is well settled that when a defendant comes into compliance with the applicable provisions of the ADA during the pendency of the lawsuit, and prior to the court granting the plaintiff relief, the court loses subject matter jurisdiction due to the mootness of the claim. See Buckhannon Bd. And Care Home, Inc. v. West Virginia Dept. of Health and Human Resources, 532 U.S. 598, 605 (2001). "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." Disability Law Ctr. v. Millcreek Health Ctr., 428 F.3d 992, 996 (10th Cir. 2005) (quoting McClendon v. City of Albuquerque, 100 F.3d 863, 867 (10th Cir. 1996)).

Plaintiffs recognized that the proper remedial action was taken by Defendant to replace the sign for "to go" order parking with the correct sign in front of the van accessible handicapped parking place, and that the correct insulation was placed around the pipes under the sink in the restroom, and Plaintiffs offered to stipulate to a dismissal of the Case since their claims were now moot. However, this offer was rejected by the Defendant, and now requires that the sole issue the Court decide to be that of an award of Defendant's attorney's fees and costs from Plaintiffs.

**B.  Plaintiffs should not be assessed Defendant's attorney's fees and costs since their claims were not frivolous, unreasonable, without foundation, or brought in bad faith, and Plaintiffs sought to discontinue the litigation after it became clear that Defendant had remedied its non-compliance.**

It is a correct statement of the law that a civil rights plaintiff "...should not be assessed his opponent's attorney's fees unless a court finds his claim was frivolous, groundless, unreasonable, or that the plaintiff continued to litigate after it clearly became so." Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). Plaintiffs brought their claims against Defendant because violations of the ADA existed when they visited the restaurant on November 19, 2016, and documented those violations by taking pictures of them. It was not frivolous, nor unreasonable

or without foundation, for Plaintiffs to allege that Defendant had violated ADA accessibility standards by making the van accessible handicapped parking place a parking place for "To Go Orders Only". Nor was it without foundation for Plaintiffs to allege that the ADA had been violated by Defendant not having any insulation around the pipes under the sink since that is what was observed and documented.

However, by the time of Defendant's expert's visit to the restaurant on February 6, 2017, Defendant had mostly fixed the violations, and had come into substantial compliance with the ADA, even though Defendant still did not have the correct signage for the van accessible parking place. As Defendant's expert stated, the allegations in the Complaint had "been fixed". When Plaintiffs were presented with this information they sought to discontinue litigating claims that were moot due to Defendant's actions to place the proper sign in front of the van accessible handicapped parking place, as well as placing the correct insulation around the pipes under the sink in the restroom, and offered to stipulate to dismiss the Case with prejudice. Again, Plaintiffs' offer to stipulate to dismiss the Case was rejected, and the only issue that remains for the Court to decide is whether Plaintiffs should be assessed Defendant's attorney's fees and costs for making allegations that were grounded in facts observed by the Plaintiffs, were reasonable, meritorious, and had foundation when Plaintiffs ate at Defendant's restaurant, as well as when the Complaint was filed.

  **C.** **Rule 11 cannot be invoked by Defendant**

Defendant's counsel makes reference to a failure to exercise due diligence regarding the allegations in the Complaint, as required by Fed. R. Civ. P 11, but this is the first time there has been any mention of potential sanctions according to Rule 11. It is well settled that according to the plain language of Fed R. Civ. P. 11(c)(1)(A), if a party seeks to have sanctions imposed

4

under Rule 11, a motion must be served providing a 21 day safe harbor for any potentially sanctionable pleading or paper to be withdrawn. See Roth v. Green, 466 F.3d 1179, 1191-1192 (10th Cir. 2006). Not even a warning letter detailing the potentially sanctionable conduct suffices to meet the requirements of the rule. Id.

Here, Defendant has only casually mentioned Rule 11 in the Motion to Dismiss, but has never communicated to Plaintiffs' counsel that any offending paper should be withdrawn, and has not served any motions pursuant to Rule 11, thereby triggering the safe harbor provision. Therefore, Defendant cannot seek to have Plaintiffs, or counsel, sanctioned for not withdrawing an offending pleading or paper when they have gotten no notice that they should be doing so to avoid potential sanctions.

### D. Plaintiffs are not vexatious litigants, and Plaintiffs' counsel has not taken any actions to multiply these proceedings.

Plaintiffs, despite many misconceptions, have only advocated for compliance with well established standards of accessibility under the ADA, and not for any improper motives such as abuse or harassment. They brought their claims against Defendant because they themselves experienced accessibility problems at Defendant's restaurant, especially with the van accessible parking, and believed that the claims had substantial merit based upon their experience. Contrary to Defendant's comparison of this Case with those where attorney's fees were awarded to Defendants, Plaintiffs recognized that the relief they sought of having Defendant's ADA violations fixed had been achieved, and did not seek to enter into any further agreements with Defendant, nor unnecessarily burden the Defendant with further litigation. Both Plaintiffs and their counsel agreed that based upon the voluntary cessation by Defendant of its non-compliance with the ADA, the Case merited complete dismissal, and did seek to discontinue further litigation with Defendant. Unfortunately, Plaintiffs', and their counsel's, attempts to not multiply these

proceedings were rejected by Defendant, and in an odd twist, Defendant is the only party to actually multiply these proceedings by insisting that Plaintiffs be assessed Defendant's attorney's fees and costs.

## CONCLUSION

Plaintiffs brought their claims against Defendant for violations of the ADA because they had a reasonable basis to bring the claims which were grounded in facts that they experienced when eating at Defendant's restaurant. Now that the issues underlying those claims have been fixed, the Case should be dismissed with prejudice because the Court lacks subject matter jurisdiction as the claims are moot, and the parties should bear their own fees and costs.

Respectfully Submitted this 22nd day of March, 2017.


s/ James R. Carr
James R. Carr
ADA Justice Advocates
4800 Baseline Road, Suite E104-289
Boulder, Colorado 80303
Telephone: (303) 963-9840
E-mail: jcarr@adajustice.com


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Plaintiffs' Response to Defendant's Motion to Dismiss was served via CM/ECF to Defendant's counsel this 22nd day of March, 2017.


s/ James R. Carr
James R. Carr